IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.  Case No.: 22-cr-62-wmc

ASHLEY ZASTROW,

Defendant.

**PLEA AGREEMENT**

1. This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2. **PLEA AND PENALTIES:** The defendant agrees to plead guilty to Count 1 of the indictment. This count charges a violation of Title 18, United States Code, Section 924(a)(1)(A), which carries maximum penalties of 5 years in prison and a $250,000 fine, a 3-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3. **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that she is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4. **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if she is not a United States citizen, she may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that she wants to plead guilty regardless of any removal

and immigration consequences that her plea may entail, even if the consequence is automatic removal from the United States.

5. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that she is, in fact, guilty of the offense described herein.

Records obtained by the Lincoln County Sheriff's Office reflect that on January 13, 2022, the defendant purchased a Bersa pistol (serial number L10283) and a Smith and Wesson pistol (serial number REB6305) from Ace Hardware. Ace Hardware is a licensed dealer of firearms within the meaning Chapter 44, Title 18 of the United States Code, and is required by law to collect information on ATF Form 4473 during the sale of any firearms. Ace Hardware in located in Wisconsin Rapids, in the Western District of Wisconsin.

In order to purchase the Bersa and Smith and Wesson pistols, the defendant filled out ATF Form 4473. This form included the following question and advisal:

> Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s)? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.

In response to this question, the defendant answered "yes." This statement was false because the defendant knew at the time of the purchase that Tanner Graap was the actual buyer of the firearms.

In order to prove this, the defendant agrees the government can produce video evidence, dated January 13, 2022, from Ace Hardware. That video footage shows the defendant enter Ace Hardware with Graap. The defendant and Graap proceed to the gun department, where Graap appears to point out specific firearms to the employee, who then hands them to Graap. At the checkout, as the defendant is completing the purchase of the firearms, Graap counts out cash and provides it to the employee.

Further, on January 18, 2022, police interviewed Graap who stated that he asked Zastrow to purchase the firearms on his behalf. Boxes for both firearms were located in Graap's residence.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

6. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the

Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

7. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if she engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before November 21, 2022.

8. **FORFEITURE:** The defendant agrees not to file a claim to any property in any civil, administrative or judicial proceeding, which has already been initiated or which may be initiated in the future including the forfeiture of assets which were seized. Defendant agrees to waive all time limits and her right to notice of any forfeiture proceeding involving this property. Defendant further agrees not to file a claim or assist others in filing a claim or attempting to establish an interest in any forfeiture proceeding.

9. The defendant agrees that she is the registered owner of the firearms listed in the indictment, and agrees to hold the United States, its agents and employees harmless from any claims in connection with the seizure or forfeiture of property covered by this agreement.

10. The defendant agrees to consent to the order of forfeiture for the seized property and waives the requirement of the Federal Rules of Criminal Procedure 32.2 and 43(a), regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits that each of the seized property items is subject to forfeiture because they were involved in the offense or are traceable to property involved in the offense and defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

3

11. The defendant knowingly and voluntarily waives her right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States, the State of Wisconsin, or its subdivisions.

12. The defendant agrees to take all steps requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

13. In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest she has in the property and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation owing to the defendant.

14. **SENTENCING RECOMMENDATION:** If the defendant complies with the terms of this agreement and continues to accept responsibility under USSG § 3E1.1, as described above, the parties will jointly recommend that a term of 24 months' probation is the appropriate sentence in this case.

15. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

16. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that she has read this agreement, has carefully reviewed it with her attorney and understands and voluntarily accepts all its terms.

17. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case, and the prior plea offer extended on September 30, 2022 has been rescinded.

TIMOTHY M. O'SHEA
United States Attorney

| | |
|---|---|
| 11/17/2022 <br> Date | By: _____ <br> TAYLOR L. KRAUS <br> Assistant United States Attorney |
| 11/16/22 <br> Date | _____ <br> ALEX VLISIDES <br> Attorney for the Defendant |
| 11/16/22 <br> Date | _____ <br> ASHLEY ZASTROW <br> Defendant |

5

## ACKNOWLEDGEMENTS

I, Ashley Zastrow, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

11/16/22
Date

ASHLEY ZASTROW
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

11/16/22
Date

ALEX VLISIDES
Attorney for Defendant