# Federal Defender Services Of Wisconsin, Inc.
LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Joseph A. Bugni, Madison Supervisor
Elizabeth Blair
John W. Campion
Jessica Arden Ettinger
Anderson M. Gansner
Jonathan Greenberg
Gabriela A. Leija
Dennise Moreno
Ronnie V. Murray
Tom Phillip
Joshua D. Uller
Alex Vlisides
Kyle Kent, Diversity Fellow

22 East Mifflin Street
Suite 1000
Madison, Wisconsin 53703

Telephone 608-260-9900
Facsimile 608-260-9901

February 28, 2023

Honorable William M. Conley
United States District Court Judge
120 North Henry Street
Madison, Wisconsin 53703

    Re:    *United States v. Ashley Zastrow*
             Case No. 22-cr-62-wmc

To the Honorable William M. Conley,

      In anticipation of sentencing and in support of the parties' joint request for a 24-months' probation, the defense submits this memorandum. Zastrow is an addict navigating the long road to sustained stability and sobriety. To accomplish the goals of sentencing, the focus of this sentence should be on promoting Zastrow's sobriety. This conviction is Zastrow's first felony, meaning that she will be punished by losing many rights, including to vote or possess guns. The defense understands that the Court will also take into account the compliance issues documented by the probation office, R. 31, which Zastrow will address at sentencing. In the big picture, Zastrow's sobriety will be the central factor going forward. The Court can design conditions of probation, including the in-patient treatment that Zastrow has never had, that will promote this goal and accomplish the goals of sentencing.

FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
Page -2-

I. **Zastrow is a former nursing assistant who is working to overcome her addiction.**

Zastrow had difficult teen years. Her mother was arrested when she was 15, and Zastrow had to testify against her.[1] She long struggled with the guilt of doing so. Because her mother was in prison, she stayed with her dad. But he was a long-haul truck driver, so she didn't have much supervision.[2]

Nonetheless, in her 20s she was doing well. At 25, she got her certified nursing assistant license.[3] She worked as a CNA for about six years.[4] During this time she and her boyfriend Dustin had her son, who is now five years old.

Around age 28, her life-long struggle with depression and anxiety began to worsen, She began using methamphetamine and her life began to crumble.[5] The methamphetamine was impacting her work. Dustin was arrested because of drug use. When Dustin went to rehab, she had no one to care for her son while she was at work.[6] The stress of being unable to manage single parenthood caused her to relapse, now using heroin and methamphetamine.

At this point, she lost her job and lost custody of her son. It was only during these last few years, as her addiction worsened, that she has ever been arrested. At the depths of her addiction, she agreed to buy the two guns in this case.

II. **The goals of sentencing will be served by a sentence focused on treatment and supervision, not incarceration.**

If she can maintain her sobriety, Zastrow will be an asset to the community, not a danger. The path to this outcome should focus on treatment. Zastrow has never had in-patient residential drug treatment. If the Court decides that the sentence should include a "custodial" placement, in-patient treatment arranged through the probation office will be most effective.

---

[1] PSR ¶ 52.
[2] PSR ¶ 55.
[3] PSR ¶ 78.
[4] PSR ¶ 83.
[5] PSR ¶ 72.
[6] PSR ¶ 60.

FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.
Page -3-

Next, Zastrow poses a low risk of reoffending. She is in criminal history category I, which indicates the lowest likelihood of reoffending.[7] Her legal trouble started with her addiction. And she was not operating any of kind criminal enterprise. Despite the inflated sentencing guidelines, that qualify purchasing two guns as engaging in trafficking, she was not supporting herself through crime. This was a discrete event. A friend asked her to buy guns and she did. She had never been involved in something like this before and the consequences she continues to face are ample deterrent.

In addition, the horrific results of her gun purchase have weighed heavily on Zastrow and will deter her in future. She was close friends with Kayla Frank, the woman shot by Tanner Graap. Though she could never have known it would happen, she is haunted by guilt. This has contributed to her anxiety.[8] Zastrow has never been involved in violence or significant criminal activity. She had never wanted to be involved with guns and this horrific incident (and the legal prohibition) will deter her from ever doing so again.

## Conclusion

Zastrow requests that the Court impose a sentence of 24 months' probation. If the Court decides that custody pending placement in treatment is needed, Zastrow requests that the sentence be structured as a time-served sentence as of the date of her release to treatment.

Thank you for your attention to this matter.

Sincerely,

*/s/ Alex Vlisides*

Alex Vlisides
Associate Federal Defender

---

[7] *Recidivism Among Federal Defendants, a Comprehensive Overview*, UNITED STATES SENTENCING COMMISSION (2016), at Appendix A-1.

[8] PSR ¶ 69.